ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| L. M. SCOFIELD COMPANY, INCORPORATED,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; THE TRAVELERS COMPANY, INCORPORATED; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. CV 11-06190 R (MANx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:   March 5, 2012<br>Time:   10:00 a.m.<br>Crtrm.:  8 |

Defendants TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA's and THE TRAVELERS COMPANY, INCORPORATED's Motion for Summary Judgment, and Plaintiff L. M. SCOFIELD COMPANY, INCORPORATED's Motion for Partial Summary Judgment, both pursuant to Fed. R. Civ. P. 56, came on regularly for hearing on March 5, 2012, before the Hon. Manuel L. Real, Judge presiding.  Peter J. Godfrey, of Gilbert, Kelly, Crowley & Jennett LLP, appeared on behalf of Plaintiff.  David T. DiBiase and Mark J. Krone, of Anderson, McPharlin & Conners LLP appeared on behalf of Defendants.

/ / /

# FINDINGS OF FACT

The Court makes the following findings of fact:

1. Plaintiff L. M. SCOFIELD COMPANY, INCORPORATED ("Scofield") is a citizen of California. (Joint Statement of Uncontroverted Facts No. ["UF"] 17, filed as Docket Document No. 10.)

2. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers") is an insurance company that is a citizen of and headquartered in Hartford, Connecticut. (UF 2 and 17.)

3. THE TRAVELERS COMPANIES, INC. (sued incorrectly herein as "THE TRAVELERS COMPANY, INC.") is a citizen of Minnesota. (UF 17.)

4. Scofield employed David J. Wardenaar ("Wardenaar") from June 10, 1996 until July 25, 2008. (UF 4.)

5. From approximately December 7, 1996 to July 23, 2008, Wardenaar, without knowledge or permission of Scofield, spent approximately $572,447 in hundreds of personal purchases using Scofield's company credit cards (the "Prohibited Purchases"), which purchases included purchases of gifts for family and paramours, travel, hotels, rental cars, cash advances, and other personal items and services. (UF 5 – 7.)

6. Wardenaar paid for his Prohibited Purchases using funds from Scofield's operating account and funds drawn from Scofield's lines of credit with banks. (UF 8.)

7. Travelers issued in favor of Scofield its "Wrap +" policy of insurance No. 104971442 (the "Policy"), effective from July 3, 2009 to July 3, 2010. (UF 3; Exhibit A thereto.)

8. The Policy provided indemnity coverage to Scofield from various perils, coverage under the Crime Terms and Conditions form, Form No. CRI-3001 (07-05) (the "Crime Policy"). With respect to loss directly caused by "Theft" by Scofield employees, the Crime Policy provides in pertinent part:

### I. INSURING AGREEMENTS

This **Crime Policy** shall provide coverage under each of the following Insuring Agreements. … .

A. FIDELITY

1. <u>Employee Theft</u>

We will pay you for your direct loss of, or your direct loss from damage to, **Money, Securities** and **Other Property** directly caused by **Theft** or **Forgery** committed by an **Employee**, whether identified or not, acting alone or in collusion with other persons.

….

(Ex. A, p. 8) (bold in original).

9. Wardenaar was an "**Employee**" within the meaning of the Crime Policy. (Complaint, ¶ 12; Answer, ¶ 12.)

10. The Crime Policy contains the following exclusion:

### IV. EXCLUSIONS

This **Crime Policy** does not cover:

….

L. indirect or consequential loss of any nature, including, but not limited to, fines, penalties, multiple or punitive damages[.]

….

(Ex. A, p. 19) (bold in original).

11. Following Scofield's discovery of Wardenaar's Prohibited Purchases, Scofield sought indemnification for its loss pursuant to the terms and conditions of the Policy. (UF 8-9.)

12. Scofield's claim for payment under the Policy consists of two components: (1) the Prohibited Purchases and (2) "Interest Charges" (UF 10 and 15.)

13. The "Interest Charges" consist of:

/ / /

        a.      Interest charged by Scofield's banks on Wardenaar's draws from the credit lines to pay for credit card balances for the Prohibited Purchases; and

        b.      Interest charged by Scofield's banks on existing credit line balances because Wardenaar's use of Scofield's operating accounts to pay credit card balances for the Prohibited Purchases resulted in Scofield having less available cash to pay down the credit line balances. (UF 15.)

14.      Travelers paid Scofield a total of $592,550.13, which reimbursed Scofield for the amount, in excess of the deductible, of the Prohibited Purchases, certain funds Wardenaar caused to be paid to his mistress(es), and certain fees incurred on the credit cards.

15.      Travelers declined to pay the Interest Charges. (UF 13.)

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact, the Court makes the following Conclusions of Law:

1.      The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332.

2.      The substantive law of California applies to the interpretation of the Policy. *Erie R.R. Co. v. Tomkins*m 304 U.S. 64, 68, 58 S. Ct. 817, 82 L.Ed. 1188 (1938).

3.      Although courts in some states interpreting fidelity policies hold that loss resulting "directly" is equivalent to loss resulting "proximately" (*see, e.g., Scirex Corp. v. Federal Ins. Co.,* 313 F.3d 841, 848-50 (3d Cir. 2002), California holds that "direct means direct." *Vons Cos., Inc. v. Fed. Ins. Co.*, 212 F.3d 489, 492 – 493 (9th Cir. 2000). *See also United General Title Ins. Co. v. American Int'l Group, Inc.*, 51 Fed. Appx. 224 (9th Cir. 2002).

4.      The insured's liability to third parties is not direct loss under a fidelity policy. *Vons*, 212 F.3d 492 – 493. Here, the Interest Charges are Scofield's liability to a third party, and therefore they are an indirect loss, which is not covered

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

under the Policy. *Id. See also Universal Mort. Corp. v. Württembergische Versicherung AG*, 651 F.3d 759, 762 (7th Cir. 2011).

5. Accordingly, Defendants have not breached the Policy and judgment should be entered in Defendants' favor forthwith.

**IT IS HEREBY ORDERED AND ADJUDGED THAT** Plaintiff take nothing by its complaint, that the action be dismissed on the merits, and that Defendants recover their costs.

DATED: March 16, 2012

HON. MANUEL L. REAL
United States District Judge